# EXHIBIT "I"

Truscapes Case ID: 1762224

## FLSA NARRATIVE REPORT

## COVERAGE

Business Information: Truscapes SW FLA, Inc. provides lawn maintenance services. Its primary customers are home owner associations. Its owners are Llomell Llorca and Kristin Llorca, husband and wife. (    7E    ) They also own Truscapes Industries, Inc., 3212 26th Avenue East, Bradenton, FL 34208.

The two businesses jointly advertise on the internet as "Truscapes." The subject employer is shown on the advertisement as the southwest Florida branch of Truscapes. The Bradenton location is termed the "corporate office" in the advertisement. A photo that is part of the advertisement shows a truck and trailer with the name "Truscapes" on them; nothing in the photo or advertisement indicates that Truscapes SW FLA, Inc. and Truscapes Industries, Inc. are separate and distinct corporations. Rather, they appear to be one business with two locations. (    7E    ) Likewise, e-mails from the employer state that the subject employer is a branch of Truscapes. (    7E    ). The two businesses are under common ownership and have an identical business purpose. (    7E    ).

Kristen Llorca advised WHI during the initial conference that the ADV of Truscapes SW FLA, Inc., the subject employer, exceeded $500,000.00 in each of the three preceding years. (    7E    ). For 2014, the ADV of the subject employer was $    EX 4    and that of Truscapes Industries, Inc. was $    EX 4, 7E

ADV is accordingly sufficient for 3(s)(1)(A) coverage. The employer advertises on the internet, and two or more employees handle goods and materials such as computers, mowers and blowers that were moved in interstate commerce. Enterprise coverage therefore exists for the entire investigation period.

History: Truscapes SW FLA, Inc. has no investigation history. However, Truscapes Industries, Inc. was investigated in 2012 for the same violations as were alleged in this case, i.e., straight time for overtime. Back wages in that case totaled $73,902.48 for 197 employees. (Case ID 1660986).

Page 1

Truscapes Case ID: 1762224

The narrative report in Case ID 1660986 states that Truscapes Industries, Inc. had no branch establishments. The only employees who were included in that case were accordingly those who worked for that company. None of the employees of Truscapes SW FLA, Inc. were included.

Truscapes Industries, Inc. was also the subject of a last paycheck conciliation. (Case ID 1738335).

MODO: The Miami DO is the MODO of Truscapes SW FLA, Inc. The Tampa DO is the MODO of Truscapes Industries, Inc. WHI sent a MODO request to the Tampa DO on June 2, 2015. The instructions were to associate the case, handle locally and assess CMPs for FLSA violations. (     7E     

Misclassifications: none disclosed.

**EXEMPTIONS**

a) Applicable Exemptions
Each of the following earns a salary in excess of $455.00 per week, supervises two or more full-time employees, is primarily engaged in management and has input into hiring and firing     7E
     7C/6     , the     7E
     7C/6     beginning in September, 2014. He was an employee but not a supervisor before then.
     7C/6
     7C/6

b) Inapplicable Exemptions
None disclosed.

Truscapes Case ID: 1762224

## STATUS OF COMPLIANCE

Period of Investigation: May 31, 2013 to May 30, 2015.

Reason for Investigation: This case was initiated as a full investigation based on a [ 7E ] that the employer paid straight time for overtime to all non-exempt employees.

The [ 7E ] was found to be an exempt employee. The [ 7E ] was substantiated with regard to 126 non-exempt employees, however. WHI advised the [ 7E ] of the results of the investigation on July 17, 2015.

[ 7E ] Data:



WHI notified the [ 7E ] of the results of the investigation on July 17, 2015.

Section 6 – Minimum Wage: No violations were disclosed. The employer pays well in excess of the minimum wage. Some employees reported that deductions were made from their pay for the cost of uniforms. [ 7E ] WHI reviewed whether the deductions resulted in any minimum wage or overtime violations but found no evidence to indicate that any employee's pay was reduced below minimum wage because of any deductions or that any deductions occurred during overtime workweeks.

Section 7 – Overtime: Violations were disclosed. The employer paid for all hours worked but did not pay additional half-time for any overtime hours.

Method of Computation: (RR x 0.5) x hrs>40 = add'l 1/2T due.

The total overtime violation is $68,141.28 owed to 126 employees. ( [ 7E ] ).

Page 3

Truscapes Case ID: 1762224

Liquidated damages: Liquidated damages in amounts equal to the back wages were assessed. The employers have no good faith defense or reason for not paying additional half-time when their employees worked overtime. Rather, the employers knew that their failure to do was an FLSA violation. They also attempted to mislead WHI regarding their businesses and they provided falsified payroll records.

During the initial conference in this case, Truscapes SW FLA, Inc. co-owner Kristin Llorca told WHI that the only other business she and her husband own is KLM Homes, Inc., a real estate rental company. She did not tell WHI that she and her husband also own Truscapes Industries, Inc. Likewise, Llomell Llorca initially told WHI that the only businesses he and his wife own are the subject of this investigation and KLM Homes. In addition, Mrs. Llorca told WHI during the initial conference that no business she and her husband are involved with had ever been the subject of an investigation by the Department of Labor or the Wage and Hour Division.

Both owners later acknowledged to WHI that they own Truscapes Industries, Inc. and that it had been the subject of an investigation by DOL in which overtime violations had been disclosed. Mr. Llorca also told WHI at that time that they had not been paying additional half-time for overtime at Truscapes SW FLA, Inc. He stated that the reason why no additional half-time had been paid to Truscapes SW FLA, Inc's employees after the Truscapes Industries, Inc. investigation was because that business had not been included in that case; he acknowledged to WHI that, because they had not been caught paying straight time for overtime to Truscapes SW FLA employees, they simply continued their practice of paying straight time for overtime.

Section 11: Record Keeping: A violation was disclosed. The employer's time records consist of time sheets that show the total hours worked each day by most workers but not the times when the employees began and ended their work days. (     7E     ).

Section 12: Child Labor: No violations were disclosed. The employer has no workers who are younger than eighteen.

FMLA: Truscapes SW FLA, Inc. has fewer than fifty employees. However, Truscapes Industries, Inc. has more than 100 employees and employees of the two companies work within seventy-five miles of

Truscapes Case ID: 1762224

each other. They are covered employers but neither company has adopted an FMLA policy.

**CMPs**

CMPs are recommended in the calculated sum of $27,720.00. (See WH-467). The MODO instructed WHI to "Assess CMP for FLSA violation." ( ▓ 7E ▓ . The violation in this case is identical to the violation that was present in the Truscapes Industries, Inc. investigation. The violations are apparent on the face of the records. The employers not only attempted to mislead WHI during the course of this investigation concerning the businesses they own and whether they had previously been investigated, they initially provided WHI with falsified payroll records. Specifically, they acknowledged to WHI that they created payroll records for three pay periods (the only payroll records that had been requested by WHI at the time) that falsely showed that additional half-time was paid when employees worked more than forty hours per week. ▓ 7E ▓ Mr. Llorca also told WHI that their reason for paying no additional half-time was worked was, in essence, because they previously had not been caught violating the FLSA so they simply continued to do so.

**DISPOSITION**

A final conference was held on July 17, 2015 with Llomell Llorca and Kristin Llorca at Truscapes' Bradenton location. WHI reviewed why the company is a covered employer and the exemptions that had been found to apply. Neither Mr. nor Mrs. Llorca had any questions regarding these matters.

WHI reviewed with the employers:
   c) the FLSA requirement that all non-exempt employees must be paid a rate of at least $7.25 per hour;
   d) the FLSA requirement that all non-exempt employees who work more than forty hours per week must be paid time and a half based on their regular rate of pay;
   e) the FLSA record keeping requirements as described in Fact Sheet 21; and
   f) although the subject firm employs no minors and does not intend to do so, WHI briefly reviewed the FLSA's child labor requirements and advised them that minors may be employed by their company as long as the restrictions and prohibitions described in Fact Sheet 43 are met.

Truscapes Case ID: 1762224

Mr. and Mrs. Llorca told WHI that they understood the above and that they will comply with each of these requirements.

Regarding minimum wage, WHI advised the employers that no violations had been disclosed but that deductions cannot be made from an employee's pay if they result in minimum wage or overtime violations. WHI explained that a minimum wage violation would result if a payroll deduction results in the employee receiving less than $7.25 per hour when that worker's pay after the deduction is divided by the number of hours he or she worked. WHI also explained that no deductions could be made during overtime workweeks because that would result in an overtime violation. The employers told WHI that they understood.

WHI also advised the employers that a record keeping violation existed because of their inadequate time records. The employers stated that had not known of this requirement and that they believed that their records, which show the total number of hours worked, were adequate. Mr. Llorca told WHI that they will begin to use revised time sheets that includes the employees' starting and ending times. Because the time sheets are filled out by supervisors, WHI recommended that the employees attest to their accuracy by signing or initialing the record.

WHI reviewed the overtime violation with the employers and explained how the calculations had been performed. WHI also reviewed specific WH-55s with the employers and compared the times shown on them with the time records the employers had provided so they could be assured that the computations were accurate. Neither Mr. nor Mrs. Llorca disputed the accuracy of WHI's findings or how the computations were performed. As noted above, Mr. Llorca previously acknowledged to WHI that the reason why overtime had not been paid to the employees of Truscapes SW FLA, Inc. was because that company had not been included in the previous investigation and, because the violation had not been discovered, they continued paying straight time for overtime. Mr. Llorca told WHI at the final conference what time and a half would be paid to all non-exempt employees beginning with its next payroll.

Mr. Llorca signed the WH-56 and back wage instruction form, agreeing to pay the back wages by August 18, 2015. WHI provided the employers with WH-58s in English and in Spanish and explained their use. WHI also explained the process to be followed if any effected employees cannot be located.

Truscapes Case ID: 1762224

WHI also told the employers that they are in violation of the FMLA and that they must adopt an FMLA policy. WHI advised Mr. and Mrs. Llorca that the FMLA has specific eligibility and notice requirements that must be met. Mr. Llorca told WHI that they had not known this (note: there is no mention of the FMLA in the previous case narrative) but that they will consult with their business attorney and adopt a policy within thirty days that complies with the FMLA.

Finally, WHI advised Mr. and Mrs. Llorca that CMPs could be assessed as a result of this case and in any future investigations in which monetary violations are disclosed. WHI provided the employers with Part 580 of the regulations and advised the employers that, if they wish to appeal a CMP assessment if one is made, to carefully review the notice they receive to ensure that they comply with all appeal requirements.

Specifically, Mr. and Mrs. Llorca agreed to:
Pay all non-exempt employees an hourly rate of at least the federal minimum wage of $7.25.
Pay all non-exempt employees time and a half based on their regular rate when they work more than forty hours per week.
Revise their time sheets to include the times when employees begin and end their work days and to otherwise comply with all record keeping requirements set forth in Fact Sheet 21.
Continue to comply with all child labor requirements of the FLSA.
Pay the back wages and liquidated damages by August 18, 2015.
Provide proof of the back wage and liquidated damage payments by October 2, 2015.
Adopt an FMLA policy to include all eligibility, notice and all other requirements within thirty days.

Publications provided: HRG; Fact sheets 21, 22, 23, 28D, 43, 44, 77A, Parts 541, 580 and 785.

Recommendation: I recommend that CMPs be assessed as calculated and that the file be closed upon proof of their payment and the payment of the back wages and liquidated damages.

Correspondence:
Kristin Llorca
Truscapes
3212 26th Ave. East
Bradenton, FL 34208

Truscapes Case ID: 1762224

7C/6 , WHI

| WHISARD Compliance Action Report |
|---|

**U.S. Department of Labor**
Wage and Hour Division

| | | | |
|---|---|---|---|
| Case ID: | **1762224** | Originating District: | **Miami FL District Office** |
| Local Filing Number: | **2015-249-18626** | Investigating. District: | **Miami FL District Office** |
| WHMIS Case Number: | | Lead Investigator: | 7C/6 |
| Registration Date: | **06/02/2015** | | |
| Assignment Date: | **06/02/2015** | | |

## Employer Information

| | | | |
|---|---|---|---|
| Trade Name: | **Truscapes** | Legal Name: | **Truscapes SW FLA Inc.** |
| Address: | **5583 6th Street West** | EIN: | **45-4104613** |
| | | County: | **Lee** |
| | | NAICS Code: | **561730** |
| | **Lehigh Acres, FL33971** | No. Of Employees: | EX4 |

## Investigation Information

| | | | |
|---|---|---|---|
| Period Investigated From: | **05/31/2013** | BNPI: | |
| To: | **05/30/2015** | Reinvestigation: | ☑ |
| Investigation Type: | 7E | Recurring Violation: | ☐ |
| Investigation Tool: | **Full Investigation** | Future Compliance Agreed: | ☑ |
| Compliance Status: | **Agree to Comply** | Involved in AG: | ☐ |

## Recommended Action:

| | | | |
|---|---|---|---|
| BWFS: | ☐ | RO/NO Review: | ☐ |
| CMP: | ☑ | Follow Up Investigation: | ☐ |
| Litigation: | ☐ | Other Action: | ☐ |
| Civil Action: | ☐ | Denial of Future Certificate: | ☐ |
| Criminal Action: | ☐ | BW Payment Deadline: | **08/18/2015** |
| Submit For Opinion: | ☐ | Trailer forms attached: | ☐ |

**CL**

| Violation / Compliance Status | Violations | EIN \ XP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| **No Violation found for this act / Compliance (no violations found)** | | | | | $0.00 | $0.00 | |
| | | | | | | | |

Date: 12/30/2015 10:40:45 AM                     Case ID:   1762224                     Page 1

| WHISARD Compliance Action Report | | | | | | | |
|---|---|---|---|---|---|---|---|
| **FLSA** | | | | | | | |
| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
| *Failure to pay proper overtime / Agree to Comply* | *126* | *126* | *$68,141.28* | *$68,141.28* | *$68,141.28* | *$68,141.28* | *$27,720.00* |
| *Failure to keep accurate records / Agree to Comply* | *1* | *0* | *$0.00* | *$0.00* | *$0.00* | *$0.00* | |
| *FLSA Totals:* | *126* | *127* | *$68,141.28* | *$68,141.28* | *$68,141.28* | *$68,141.28* | |
| *Total Violations Under FLSA:* | | *127* | | | | | *$27,720.00* |
| **FMLA** | | | | | | | |
| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
| *Failure to provide General Notice/Handbook / Agreement to Remedy/Resolve (ATR)* | *1* | *0* | *$0.00* | *$0.00* | *$0.00* | *$0.00* | |
| *FMLA Totals:* | *0* | *0* | *$0.00* | *$0.00* | *$0.00* | *$0.00* | |
| *Total Violations Under FMLA:* | | *1* | | | | | *$0.00* |

*\* CMPs computed do not necessarily indicate CMPs assessed.*

| | | | |
|---|---|---|---|
| Unduplicated Employees Found: | *126* | Unduplicated Employees Agreed: | *126* |
| Total Amount BWs Computed: | *$68,141.28* | Total Amount BWs Agreed: | *$68,141.28* |
| Total Amount LDs Computed: | *$68,141.28* | Total Amount LDs Agreed: | *$68,141.28* |

| WHISARD Compliance Action Report |
|---|

**Conclusions & Recommendations:**

*89.75 hrs. Ent. cov. Full investigation, complaint of ST for OT. Complaint substantiated. 126 EEs due $68,141.28 in add'l 1/2T. $68,141.28 LDs assessed. RK violation for inadequate time records. FC on 7/17/15, ATP BW by 8/18/15, ATC. Prior investigation of related company for same violation, recommend assessing CMPs as calculated and close upon payment of all BW, LDs and CMPs. FMLA covered ER but no policy; ATR. Pubs provided: HRG; FS 21, 22, 23, 28D, 43, 44, 77A, Parts 541, 580 and 785.*

WHI Signature:_____Date:_____*07/20/2015*_____

Reviewed By:_____Date:_____