UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO AGUIRRE-MOLINA,
for himself and on behalf of those
similarly situated

      Plaintiff,

v.                                             Case No: 2:15-cv-608-FtM-38CM

TRUSCAPES SW FLA INC.,
TRUSCAPES INDUSTRIES, INC.
and LLOMELL LORCA,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Motion for an Order Permitting Supervised Notice of This Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law ("Motion for Conditional Certification," Doc. 35[2]) filed on

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

February 23, 2016.  Defendants filed a response on March 24, 2016.[3] Doc. 43. With leave of Court, Plaintiff filed a Reply in Further Support of Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members ("Reply," Doc. 45) on May 4, 2016, and Defendants filed a Surreply in Further Support of Response in Opposition to Plaintiff's Motion for Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action ("Surreply," Doc. 49) on May 11, 2016. The Motion for Conditional Certification, therefore, is now ripe for review.  For the reasons that follow, the Court recommends that the motion be granted.

## I.  Background

On October 2, 2015, Plaintiff filed a complaint against Truscapes SW Fla Inc. ("Truscapes SW"), Truscapes Industries, Inc. ("Truscapes Inc."), and Llomell Lorca (collectively "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Truscapes SW and Truscapes Inc. are owned by Llomell Lorca and Kristin Lorca.  Doc. 35-9.  Defendants are engaged in the business of providing landscaping and lawn maintenance services to residential and commercial clients.  Doc. 35 at 2-3, 6.  The complaint alleges that in early 2013, Defendants hired Plaintiff to work as a nonexempt, hourly paid, irrigation technician. Doc. 1 at 5.  The complaint further alleges that from early 2013 to February 2015, Defendants failed to compensate Plaintiff and other employees at a rate of one and

---

[3] Defendants twice sought extensions of time to file a response to Plaintiff's Motion for Conditional Certification, and the Court granted both requests.  Doc. 36, Doc. 37, Doc. 41, Doc. 42.

one-half times their regular rate for all hours worked in excess of forty hours in a single work week. Doc. 1 at 5-6. Specifically, Plaintiff alleges that he and others similarly situated were not paid for all the hours worked and for pre-shift and post-shift activities. Doc. 1 at 5-6. The complaint further alleges that the Department of Labor ("DOL") has fined Defendants for FLSA violations, and, as of June 2015, they now pay overtime. Doc. 1 at 5. Defendants deny all of these allegations. Doc. 17 at 1-2.

Plaintiff's motion seeks conditional certification on behalf of "all Hourly Landscaping Employees who worked for Defendants in the three years preceding the filing of the Complaint through June 2015 who worked over forty hours in one or more workweeks." Doc. 35 at 5. Based on a review of the record and the relevant legal authority, the Court recommends that this matter is appropriate for conditional certification; however, the class is inadequately defined and the proposed Notice is deficient. Accordingly, the Court recommends that the parties be ordered to confer and submit an agreed proposed Notice for the Court's consideration and approval.

## II. Legal Standard and Analysis

An FLSA action for overtime pay can be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under Fed. R. Civ. P. 23, prospective plaintiffs in an FLSA action must expressly consent to join the class. 29 U.S.C. § 216(b) (providing "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed

in the court in which such action is brought."). The Eleventh Circuit has recommended a two-tiered approach to determine whether to certify a collective action under section 216(b). *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.

*Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995)). The decision to create an opt-in class lies within the discretion of the district court. *Id.* at 1219.

At the notice stage, relevant here, Plaintiff must show a reasonable basis for his claim that there are other similarly situated employees. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). In determining whether employees are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements and pay provisions. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff only needs to demonstrate that his position is similar, not identical, to the positions held by the putative plaintiffs. *Morgan*, 551 F.3d at 1260 (citing *Grayson v. K Mart Corp.*, 79

F.3d 1086, 1096 (11th Cir. 1996)).  Although the standard is fairly lenient, "there must be more than only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come [forward]."  *Morgan*, 551 F.3d at 1261 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).  Additionally, "[t]he district court should satisfy itself that there are other employees . . . who desire to opt-in."  *Dyback*, 942 F.2d at 1567.  "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees."  *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012).

Here, Plaintiff relies on his complaint, sworn declarations by him and three individuals who joined the lawsuit, a Department of Labor ("DOL") investigation against Truscapes SW, and his own payroll records to satisfy his burden that there are others similarly situated who desire to join this lawsuit.  *See* Doc. 35 generally.  As noted, the complaint alleges widespread violations for failure to pay overtime at the applicable overtime rate and failure to pay for pre-shift and post-shift activities.  Doc. 1 at 5-6.  The complaint further alleges that Plaintiff's supervisor told him that the company did not pay overtime.  Doc. 1 at 5.

Since the filing of the complaint, three opt-in Plaintiffs have filed consents to join this lawsuit.  Doc. 8-1; Doc. 8-2; Doc. 9-1.  Each consent states, in identical form, "I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant(s) and was paid in the same regard as the

named Plaintiff[.]" Doc. 8-1; Doc. 8-2; Doc. 9-1. The declarations by Plaintiff and the opt-in Plaintiffs provide more details. In substantially similar form, each declarant states that he was an "hourly paid landscaping employee," three of whom were "specifically, irrigation technician[s]." Doc. 35-4 at 1; Doc. 35-5 at 1; Doc. 35-6 at 1; Doc. 35-7 at 1. Each declaration states that the job duties of all of Defendants' hourly landscaping employees were "traveling to client's homes and performing some or all of the landscaping duties . . . such as mowing, edging, fertilization, weed control, insect and disease control, pruning, cleanup, irrigation, and plant/tree irrigation and installation." Doc. 35-4 at 3; Doc. 35-5 at 3; Doc. 35-6 at 3; Doc. 35-7 at 3. Moreover, each declarant states he was paid an hourly rate for some, but not all of his hours. Doc. 35-4 at 3; Doc. 35-5 at 3; Doc. 35-6 at 3; Doc. 35-7 at 3. The declarants state that they routinely worked from 7:00 a.m. until 6:00 p.m. or 7:00 p.m. and regularly worked over forty hours per week; however, they were not paid for all overtime hours; and those hours for which they were paid, they were compensated at their regular hourly rate. Doc. 35-4 at 3; Doc. 35-5 at 3; Doc. 35-6 at 3; Doc. 35-7 at 3. Each declarant states that he believes, if given notice, other employees would join the lawsuit. Doc. 35-4 at 3; Doc. 35-5 at 3; Doc. 35-6 at 3; Doc. 35-7 at 3. According to Plaintiff, during his employment with Defendants, there were at least 50 other hourly landscaping employees. Doc. 35-4 at 3.

The DOL investigative report for Truscapes SW shows the period of investigation spanned from May 31, 2013 to May 30, 2015. Doc. 35-9 at 4. DOL investigated the company on allegations that it was paying straight time for overtime

to all its non-exempt employees.[4]  Doc. 35-9 at 4.  The investigation revealed that the employer paid for all hours worked but did not pay additional half-time for the overtime hours worked.  Doc. 35-9 at 4.  The DOL found that an overtime violation occurred, and the company owed total overtime of $68,141.28 to 126 employees.  Doc. 35-9 at 4.  The DOL also assessed liquidated damages in amounts equal to the back wages.  Doc. 35-9 at 4.  Plaintiff's payroll records show that in his two week period ending on February 27, 2015, he was paid for 89.75 hours at the rate of $13.50 for each hour.  Doc. 35-8 at 2.  In his Reply, Plaintiff denies that he and the opt-in Plaintiffs have been fully compensated, or compensated at all, for all hours worked pursuant to the DOL report.  Doc. 48 at 2 n.4.

Upon review of the pleadings, exhibits, and consent forms, the Court finds sufficient evidence that there are similarly situated individuals as Plaintiff employed by Truscapes SW[5] throughout the state of Florida who have similar job requirements and pay provisions as Plaintiff.  Other cases in this division have relied upon similar evidence and found it sufficient to warrant conditional certification.  For example, in Kirk v. Dr. Goodroof, Inc., No. 2:14-cv-639-FtM-29CM, 2015 WL 1138445, at *2-3 (M.D. Fla. Mar. 13, 2015), the court found the following evidence as sufficient for granting conditional certification: (1) the fact that one individual jointed the lawsuit; (2) the plaintiff's and the opt-in plaintiff's testimony that all of the defendant's

---

[4] Although the report states that Truscapes SW has no investigative history, the DOL investigated Truscapes Inc. in 2012 for the same violations and found that overtime violations had occurred.  Doc. 35-9 at 2.

[5] The parties' counsel have reached an agreement that the notice, should one issue, is limited to Truscapes SW only.  Doc. 48 at 2.

employees were subject to the same employment policies; (3) the plaintiff's and opt-in plaintiff's testimony that they know of other employees who did not receive proper overtime and minimum wage compensation; and (4) their testimony that they know if other hourly employees of the defendant get notice of the lawsuit, they would join. *See also Scheall v. Nicaea Acad., Inc.*, No. 2:14-cv-653-FtM-29DN, 2015 WL 3991041, at *2 (M.D. Fla. June 30, 2015) (similar).

The Court also is satisfied that that there are other employees who desire to opt-in. This Court has held that the consents of two opt-in plaintiffs and the plaintiff's declaration was sufficient reasonable basis to believe there are other employees who may desire to opt-in. *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at *6 (M.D. Fla. Jan. 14, 2015) (citing *Robbins–Pagel v. Puckett*, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov.22, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.")). Accordingly, under the "fairly lenient standard[,]" and in the Court's discretion, notice of this action should be given to potential class members.[6] *See Hipp*, 252 F.3d at 1218-19. Defendants' arguments against conditional certification do not persuade the Court otherwise.

Defendants argue that Plaintiff's Motion for Conditional Certification is futile because any putative opt-ins have already been made whole by any alleged FLSA

---

[6] The Court will address the proposed definition of the class in section III, *infra*.

violations as a result of the DOL investigation. Doc. 43 at 2. Defendants have attached a declaration of Truscapes SW's Vice President, Llomell Lorca, who states that Truscapes SW has completed all of its obligations with the DOL and paid any employees who were entitled to back compensation. Doc. 43-1 at 5. Plaintiff, in turn, disputes that this issue is moot. Doc. 48 at 42 n.4. Plaintiff states that there is a paystub allegedly showing a payment of back overtime pay to Plaintiff covering the period from July 20, 2013 to November 23, 2013; however, the payroll records show that he worked documented overtime hours after November 23, 2013 for which he was not paid the overtime rate. Doc. 48 at 42 n.4. Plaintiff further states that Defendants have not produced any record of payment based on the DOL audit for at least one of the opt-ins, and the remaining opt-in Plaintiffs deny receiving payment of any back overtime wages. Doc. 48.

Because there is conflicting evidence with respect to this issue, the Court cannot conclude that this issue is moot, as Defendants assert. At the notice stage, the Court should not make any factual or credibility determinations, and the Court declines to do so here. *See Rivera v. Cemex, Inc.*, No. 6:06-cv-687-Orl-31DAB, 2006 WL 3388455, at *2 (M.D. Fla. Nov. 21, 2006) ("At this stage, the Court must rely only on the pleadings and affidavits and should not make any factual determinations or take into account any alleged defenses."); *Pendlebury v. Starbucks Coffee Co.*, No. 04-CV-80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) ("[F]actual matters [are] not appropriate for consideration at [the] notice stage of litigation"; rather, the court should determine if some evidence supports the plaintiff's claims.); *Campbell v.*

*Pincher's Beach Bar Grill Inc.*, No. 2:15-cv-95-FtM-99MRM, 2016 WL 3626219, at *4 (M.D. Fla. July 7, 2016) ("[T]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. . . .") (citing *Pena v. Handy Wash, Inc.*, 28 F. Supp. 3d 1289, 1300 (S.D. Fla. 2014)). Rather, the Court concludes that the pleadings, declarations, consent forms, and Plaintiff's payroll records and DOL audit filed thus far satisfy the Plaintiff's light burden to justify notice to a putative class. At this stage, the parties have not completed discovery, and this issue is best reserved for a motion for decertification.

Defendants further challenge Plaintiff's and opt-in Plaintiffs' declarations as insufficient and based on "conclusory allegations of a few employees." Doc. 43 at 11-16. While it is true that courts routinely deny requests for conditional certification where plaintiffs attempt to certify a broad class relying only on the conclusory allegations of a few employees, the Court does not find this to be the case here. *See Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 n.3 (M.D. Fla. Aug. 21, 2008) (collecting cases). Here, there are four similar declarations, made under penalty of perjury and based upon personal knowledge of the declarants, that identify the job description (i.e., traveling to clients' homes and performing landscaping duties such as mowing, edging, fertilization, weed control, insect and disease control, etc.), describe the duration of the declarants' employment (including any breaks in employment), explain the routine work schedule and payment structure, and state that each declarant believes others similarly situated would join this lawsuit. Doc. 35-4, Doc. 35-5, Doc. 35-6, Doc. 35-7. In addition to

the declarations, Plaintiff has provided a screenshot of Defendants' website explaining the services that Defendants provide (Doc. 35-3), the DOL audit report (Doc. 35-9), and his own payroll records (Doc. 35-8) that support these statements. The Court, therefore, concludes that Plaintiff has provided more than mere conclusory allegations by a few employees.

To bolster their arguments, Defendants rely on Mr. Lorca's affidavit to show that Plaintiff and opt-in Plaintiffs are not similarly situated. Doc. 43-1. Mr. Lorca's affidavit describes that Truscapes SW's business has different departments that are generally classified either as lawn maintenance or irrigation maintenance. Doc. 43-1 at 2. The employees in the lawn maintenance and irrigation maintenance departments differ in their uniforms, pay rates, and hours worked, although both start the work day at 7:00 a.m. Doc. 43-1 at 2-3. The affidavit disputes that Plaintiff and opt-in Plaintiffs had limited opportunity to work overtime. Doc. 43-1 at 3.

To meet his burden on the notice stage, Plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted); *See also Hipp*, 252 F.3d at 1218. The Court finds that the declarations, the DOL report, Plaintiff's payroll records "successfully engage" Defendant's affidavit to the contrary. *Cf. Campbell*, 2016 WL 3626219, at *5 (finding that plaintiff's reliance on one case that was previously filed by an employee against the defendant that had since been dismissed was not enough to engage the

defendant's 44 affidavits to the contrary). Moreover, the fact remains that the parties have not completed discovery, and both sides have not had an opportunity to fully investigate the relevant facts. See *Simpkins*, 2008 WL 3927275, at *6. As one court observed, "[i]n all but a handful of cases, the individual factual analysis is saved for the second stage of certification." *Id.* at *5. Typically, in cases where discovery has already been completed, a more searching inquiry may be appropriate at the notice stage because both sides have had a chance to develop the factual record. *Id.* That is not the procedural posture of the case here. Once the parties complete discovery, these arguments may be raised on a motion for decertification.

Additionally, Defendants argue that because Plaintiff's overtime claims have been paid in accordance with the DOL investigation, the Court's inquiry should focus substantially on the "off the clock" claim. Doc. 43 at 3. According to Defendants, the off the clock claim is not proper for conditional certification because Plaintiff has failed to allege that there is a common theory or practice, and because this claim would require individualized and fact intensive inquiries. Doc. 43 at 3. Defendants points to Plaintiff's and opt-in Plaintiff's answers to the Court's interrogatories and compute that the collective "ninety-three percent (93%) of the overtime claim that [they] are asserting in this action relates to uncompensated or 'off the clock' overtime, while only three percent (3%) relates [to] the overtime premium claim." Doc. 43 at 6.

The Eleventh Circuit has held that the "similarly situated" requirement does not require a common decision, policy, practice or plan. In *Grayson*, the court

specifically held that "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." 79 F. 3d at 1095. The Eleventh Circuit later reaffirmed in *Hipp* that such a unified policy, plan, or scheme may not be required to satisfy the liberal standard of section 216(b). *See* 252 F. 3d at 1219. District courts in this circuit have held that although the Eleventh Circuit does not require a common or unified policy or plan for conditional certification, the existence of such policy or plan is relevant to the Court's exercise of discretion in granting conditional certification in order to satisfy the rationale of a collective action, which is to preserve judicial economy. *See e.g.*, *Robinson v. Dolgencorp, Inc.*, No. 5:06-cv-122-Oc-10GRJ, 2006 WL 3360944, at *6 (M.D. Fla. Nov. 13, 2006); *Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003). Thus, allegations regarding such a common policy or plan provide a reasonable basis for granting conditional certification. Here, however, Plaintiff's complaint and declaration specifically state that Plaintiff asked his supervisor to be paid for all hours worked and for his pre-shift and post-shift activities, but was told by his supervisor that the company did not pay overtime. Doc. 1 at 5; Doc. 35; Doc. 35-4 at 2. The Court finds this, along with the remaining declarations, to be sufficient.

### III. Content and Dissemination of the Notice

Having found that this matter is appropriate for conditional certification, the Court turns to the approval and dissemination of the Notice. Plaintiff filed a

proposed Notice as an exhibit to his motion, to which Defendants assert objections. Doc. 35-1.

Court-authorized notice in class actions can help prevent "misleading communications, and "ensure that [the notice] is timely, accurate, and informative." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172, (1989). The Supreme Court has declined to determine the form or contents of the court-approved notice and instead has delegated these tasks to the district court's broad discretion. Id. at 171 ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the district court to begin its involvement early, and at the point of the initial notice, rather than at some later time.").

As an initial matter, the parties' counsel have reached an agreement that the notice, should one issue, will be directed to employees of Truscapes SW only. Doc. 48 at 2. The Notice, therefore, should be amended accordingly.

Although the Court finds that conditional certification is appropriate, the Court rejects Plaintiff's proposed definitions of the class as inadequately defined and insufficiently broad. First, Plaintiff has offered two inconsistent definitions. As noted, Plaintiff's motion seeks to define the class as "all Hourly Landscaping Employees who worked for Defendants in the three years preceding the filing of the Complaint through June 2015 who worked over forty hours in one or more workweeks." The Notice, however, reads: "If you are or were an HOURLY PAID LANDSCAPING EMPLOYEE for TRUSCAPES SW FLA INC. OR TRUSCAPES

INDUSTRIES, INC. at any time from OCTOBER 2, 2012, to JUNE 2015 and were not paid all of the overtime compensation to which you are entitled, this lawsuit may affect your rights." Doc. 35-1 at 1. Both definitions are inadequate. Plaintiff's complaint and Motion for Conditional Certification allege that landscaping employees were not always compensated for overtime hours worked, and when they were compensated, they were compensated at their regular rate. See e.g., Doc. 1 at 5-6; Doc. 35 at 7. In the motion definition, the class is not limited to those individuals. The definition would encompass anyone who worked overtime, even if they were lawfully compensated.

As for the Notice definition, the Supreme Court has cautioned that "courts must be scrupulous to respect judicial neutrality; to that end, trial courts must take care to avoid even appearance of judicial endorsement of merits of action." *Hoffman La-Roche, Inc.*, 493 U.S. at 174. Here, the Notice runs afoul of this cautionary language when it reads "overtime compensation to which you are entitled." The Notice should be amended accordingly.

Next, Defendant takes issue with the statute of limitations in the proposed notice because it defines the class period as three years. Willful FLSA violations are subject to a three-year statute of limitations. 29 U.S.C. § 255(a). The Complaint alleges that Defendants willfully violated the FLSA. Doc. 1 at 7. "If the plaintiff is a named party in the complaint, a FLSA action is deemed commenced upon the filing of the complaint; if the plaintiff is not named in the complaint, the action is deemed commenced upon the filing of a written consent to join the action." *Love v. Phillips*

*Oil, Inc.,* No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *1 (N.D. Fla. Dec. 9, 2008). Thus, a putative plaintiff should be able to file a consent to join this lawsuit in order to pursue a claim for an FLSA violation that occurred within three years prior to the filing of his or her consent to join. *See Abdul-Rasheed v. KableLink Comm., LLC,* No. 8:13-cv-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013). The Court should allow notice to be sent to putative plaintiffs that worked for Truscapes SW in Florida within the last three years prior to the date the Notice is mailed. *Id.; see also Gutescu v. Carey International, Inc.,* 2003 WL 25586749, at *17–18 (S.D. Fla. July 21, 2003) (concluding that the notice should reflect a three-year period from the date that the notice was sent, not from the date that the complaint was filed).

Further, the Notice does not warn potential class members of their obligations to pay attorney's fees and costs in the event they are unsuccessful in their claims. There are circumstances under which plaintiffs in an FLSA case may be required to pay the defendant's attorney's fees. *See Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir. 1998). Accordingly, the Notice should include language regarding potential liability for attorney's fees and costs if the class members are unsuccessful. *Whitaker v. Kablelink Commc'ns, LLC,* No. 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at *5 (M.D. Fla. Nov. 4, 2013); *Smith v. Cable Wiring Specialist, Inc.,* No. 2:14-cv-277-FtM-29, 2014 WL 4795160, at *3 (M.D. Fla. Sept. 25, 2014).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Motion for an Order Permitting Supervised Notice of This Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law (Doc. 35) be **GRANTED in part and denied in part**, as set forth herein.

2. If the motion is granted, the Court further recommends the following procedures and deadlines for approval and dissemination of the notice:

    a) Within fourteen days from the date of the order, Plaintiff and Defendants confer and file an agreed proposed notice consistent with this Report and Recommendation for the Court's approval.

    b) Within (30) thirty days of the Court's approval of the proposed notice, Plaintiff be responsible for sending the approved notice to all potential collective members by first class mail.

    c) That all opt-in collective members be required to return the consent form to Plaintiff's counsel with a postmark date no later than sixty (60) days after the notice is provided.

    d) Plaintiff's counsel furnish a copy of all consents received to defense counsel and maintain the originals.

    e) Plaintiff's counsel file one pleading identifying each opt-in collective member and his or her address within ten days of the expiration of the sixty (60) day opt-in deadline.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record