## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ALEJANDRO AGUIRRE-MOLINA,
for himself and on behalf of those
similarly situated

       Plaintiff,

v.                          Case No:  2:15-cv-608-FtM-38CM

TRUSCAPES SW FLA INC.,
TRUSCAPES INDUSTRIES, INC.
and LLOMELL LORCA,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Deadlines (Doc. 55) filed on January 9, 2017. The parties seek to extend the discovery deadline and all other remaining Court-ordered deadlines accordingly because the parties desire to reduce unnecessary expenses by conducting depositions after the parties' mediation scheduled on January 24, 2017. Doc. 55 at 2. Furthermore, the parties state that they need additional time to complete discovery because this matter was conditionally certified on August 23, 2016. *Id.*

On October 2, 2015, Plaintiff filed a Complaint on behalf of himself and those similarly situated against Defendants Truscapes SW Fla Inc., Truscapes Industries, Inc., and Llomell Lorca under the Fair Labor Standards Act ("FLSA"). Doc. 1. On April 21, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline to January 10, 2017, the mediation deadline

to January 16, 2017, the deadline for dispositive motions to February 10, 2017, and a trial term of June 5, 2017.   Doc. 47 at 1-2.   On August 23, 2016, United States District Judge Sheri Polster Chappell accepted and adopted the Report and Recommendation and granted in part and denied in part Plaintiff's motion for conditional certification of this action as a collective action (Doc. 35).   Doc. 52.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Rule 16 requires a showing of good cause for modification of a court's scheduling order.   Fed. R. Civ. P. 16(b)(4).   "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."   *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, the Court finds good cause to grant the requested extension because this is the first extension of the CMSO deadlines requested by the parties, and the motion is unopposed.   The Court, however, reminds the parties that this matter has been pending since October 2, 2015.   Doc. 1.   Given the length of time that this case has been pending, the Court expects the parties to exercise their diligence in meeting the extended deadlines.   The parties' continued diligence and coordination will help avoid the parties' future need to file additional motions to extend the deadlines.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The Joint Motion to Extend Deadlines (Doc. 55) is **GRANTED**.

2.     An amended case management and scheduling order will be issued under

separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of January,

2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record